J-A22004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSHUA SCOTT SCHAUER | |
| Appellant | No. 2019 MDA 2013 |

Appeal from the Judgment of Sentence June 26, 2013
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000761-2012

BEFORE: PANELLA, J., SHOGAN, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.       **FILED FEBRUARY 24, 2015**

Appellant, Joshua Scott Schauer, appeals from the judgment of sentence entered June 26, 2013, in the Court of Common Pleas of Lebanon County. After careful review, we vacate and remand for resentencing.

On March 7, 2013, a jury convicted Schauer of Delivery of a Controlled Substance,[1] Criminal use of a Communication Facility,[2] and two counts of conspiracy.[3] At sentencing, the trial court imposed a mandatory minimum sentence, pursuant to 18 Pa.C.S.A. § 6317, **Drug-free school zones**, as it

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 7512(a).

[3] 18 Pa.C.S.A. § 903(a)(1).

found that the evidence presented at trial and by the Commonwealth at sentencing established by a preponderance of the evidence that Schauer possessed a controlled substance within a school zone. Schauer filed a timely post-sentence, which the trial court denied. This timely appeal followed.

In **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013), the Supreme Court held that sentencing factors that support the imposition of a mandatory minimum sentence must be submitted to a jury for trial or admitted to by the defendant. Although sentencing in this matter occurred after the decision in **Alleyne**, the trial court acted independently in making the factual determination that resulted in the imposition of the mandatory minimum sentence.[4] Such action cannot withstand judicial scrutiny as it results in an illegal sentence. **See Alleyne**; **Commonwealth v. Watley**, 81 A.3d 108, 177, n.4 (Pa. Super. 2013), **appeal denied**, 95 A.3d 277 (Pa. 2014).[5] Accordingly, we are constrained to vacate the judgment of sentence and remand this case for re-sentencing. Our disposition of this

---

[4] The Commonwealth concedes on appeal that the "sentencing factor" at issue, *i.e.*, whether Schauer possessed a controlled substance within a school zone, was not determined by the factfinder to have been proven beyond a reasonable doubt. **See** Commonwealth's Brief at 14.

[5] Although Schauer did not raise this issue in his Rule 1925(b) statement, "[I]egality of sentence questions are not waivable and may be raised *sua sponte* by this Court." **Watley**, 81 A.3d at 118.

- 2 -

issue renders Schauer's additional sentencing claims moot. As we are sure the trial court and parties are aware by now, § 6317 has been declared unconstitutional. *See Commonwealth v. Bizzel*, ___ A.3d ___, 2014 WL 6756277 (Pa. Super., filed December 2, 2014).

We find no merit to Schauer's remaining claim that the trial court erred when it permitted the Commonwealth to introduce prior bad acts evidence. We note at the outset that "the admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Fransen*, 42 A.3d 1100, 1106 (Pa. Super. 2012), *appeal denied*, 76 A.3d 538 (Pa. 2013) (internal citations omitted).

It is impermissible to present evidence at trial of a defendant's prior bad acts or crimes to establish the defendant's criminal character or proclivities. *See* Pa.R.E., Rule 404(b)(1); *see also Commonwealth v. Hudson*, 955 A.2d 1031, 1034 (Pa. Super. 2008). However, reference to prior criminal activity of the accused may be introduced where relevant to some purpose other than demonstrating defendant's general criminal propensity. It is black letter law that the Commonwealth may impeach a defendant's credibility with reference to prior crimes where the defense opens the door. *See Commonwealth v. Hood*, 872 A.2d 175, 185 (Pa. Super. 2005). "[The defendant] is not insulated from being discredited about the factual accuracy simply because that proof involves other crimes." *Id.*

In this case, Schauer opened the door to his prior criminal conviction for possession with intent to deliver heroin. On cross-examination, Schauer adamantly stated that while he has used drugs, he did not sell them. **See** N.T., Trial, 3/7/13 at 94 ("I testified that I use drugs. I have used drugs. I do not sell them."). Following a sidebar, the trial court permitted the Commonwealth to question Schauer regarding the prior drug conviction. We find no error in the trial court's ruling.

After Schauer flatly denied that he delivered drugs, it was permissible for the Commonwealth to impeach that testimony with evidence of Schauer's prior conviction for possession with intent to deliver heroin. **See Hood**, **supra**. Although certainly prejudicial, we find no danger that the contested evidence would "stir such passion in the [finder of fact] as to sweep them beyond a rational consideration of guilt or innocence of the crime on trial." **Commonwealth v. Sherwood**, 603 Pa. 92, 116 n.25, 982 A.2d 483, 498 n. 25 (2009) (citation omitted). We therefore find no abuse of discretion.

Judgment of sentence vacated. Case remanded for re-sentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2015

- 4 -